# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-930V
UNPUBLISHED

| | |
|---|---|
| MELODY MASSI,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 8, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On June 26, 2019, Melody Massi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") Table injury as a result of an influenza ("flu") vaccination received on October 20, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 16, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 4, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $135,000.00 for pain and suffering and $4,885.00 for unreimbursed medical expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $139,885.00 (representing $135,000.00 for pain and suffering and $4,885.00 for unreimbursed medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MELODY MASSI,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | No. 19-930V<br>Chief Special Master Corcoran (SPU)<br>SPU |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.　Compensation for Vaccine Injury-Related Items**

On October 13, 2020, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for a Table injury of Shoulder Injury Related to Vaccine Administration sustained within the Table time period following receipt of an influenza vaccination on October 20, 2016.  ECF No. 24.  A Ruling on Entitlement was issued on October 16, 2020.  ECF No. 25.

Based upon the evidence of record, respondent proffers that petitioner should be awarded $135,000.00 for pain and suffering and $4,885.00 for unreimbursed medical expenses.  This award represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should Petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

1

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $139,885.00 in the form of a check payable to petitioner.[2] Petitioner agrees.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney General

                                        C. SALVATORE D'ALESSIO
                                        Acting Director
                                        Torts Branch, Civil Division

                                        HEATHER L. PEARLMAN
                                        Acting Deputy Director
                                        Torts Branch, Civil Division

                                        GABRIELLE M. FIELDING
                                        Assistant Director
                                        Torts Branch, Civil Division

                                        */s/ Adriana Teitel*
                                        ADRIANA TEITEL
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146, Benjamin Franklin Station
                                        Washington, D.C. 20044-0146
                                        Tel:  (202) 616-3677
                                        Email: adriana.teitel@usdoj.gov

Dated: February 4, 2021

---

[2] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.